UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  11-20925-CIV-SEITZ/SIMONTON

REGIONS BANK,

    Plaintiff,

v.

EDDY GARCIA, et al.,

    Defendants.
    _____/

## ORDER ON INFORMAL DISCOVERY CONFERENCE

This matter was before the undersigned Magistrate Judge for an informal discovery conference on January 11, 2012, with respect to the production of documents sought by Plaintiff Regions Bank from Defendant Eddy Garcia and non-party Waterman Pinnacle, Inc.  The Honorable Patricia A. Seitz, United States District Judge, has referred all discovery disputes to the undersigned United States Magistrate Judge (DE # 13).  Non-party Waterman Pinnacle, Inc., was represented at the hearing by counsel for Defendant Eddy Garcia; counsel stated that he would file a Notice of Appearance on behalf of Waterman Pinnacle, Inc. following the conclusion of the hearing.

Plaintiff Regions Bank has filed a two-Count Amended Complaint against Defendants Eddy Garcia, Kassandra Garcia, and EKG Family Holdings LLLP (DE # 24).  In Count 1, Plaintiff seeks to recover approximately $19 million from Eddy Garcia, based upon his personal guaranty of a loan made to Waterman-St. Johns in connection with the acquisition of 2800 acres of vacant land located in St. John's County, Florida.  In Count 2, Plaintiff Regions Bank seeks to set aside certain transfers of assets that it claims were fraudulent transfers under sections 222.29-30 and 726.105 of the Florida Statutes.  Plaintiff contends that the purpose of these transfers was to insulate the

assets of Eddy Garcia by making them exempt from execution.  Specifically, as it relates to this discovery dispute, Plaintiff has alleged that the following transfers were made with the intent to hinder, delay and defraud Regions Bank:

 1.  The transfers by Eddy Garcia of Four LLC Membership Interests to himself and his wife as tenants by the entireties, and then to EKG Family Holdings (DE # 24 at ¶¶ 47, 49, 50).

 2.  The transfers of the proceeds of property sales by Waterman Pinnacle, Inc. into EKG Family Holdings (DE # 24 at ¶¶ 48, 51).

 The crux of the discovery dispute can be briefly summarized as follows.  Plaintiff Regions Bank contends that the discovery it seeks is directly related to the above alleged fraudulent transfers since the requests seek to determine information concerning the transfers, and to trace the proceeds of the allegedly fraudulent transfers so that the Court can grant meaningful relief.  Defendant Eddy Garcia and non-party Waterman Pinnacle contend that the requests are thinly disguised improper attempts to obtain discovery in aid of execution of a judgment before a judgment has been obtained; and, they argue vigorously that there is insufficient evidence of fraudulent intent connected with the transfers to permit discovery to go forward.

 With respect to the requests related to Waterman Pinnacle, Inc., the parties agree that Waterman Pinnacle, Inc. is a special purpose subchapter S corporation, the only business of which involved a 126-acre parcel of property in Lee County, Florida; and, that the stock of Waterman Pinnacle was initially owned only by Eddy Garcia and a third-party.  Subsequently, in 2009, Eddy Garcia transferred his shares of stock in Waterman Pinnacle to himself and his wife as tenants by the entirety.  Thereafter, in 2010, the property owned by Waterman Pinnacle was sold, and the proceeds of the sales were

transferred into EKG Family Holdings, LLLP, an entity owned and controlled by defendants Eddy Garcia and Kassandra Garcia.

Prior to the hearing, several of the disputed requests identified in the Notice of Hearing were resolved. At the time of the hearing, Plaintiff Regions Bank sought to compel production of the following documents:

1. Documents requested in Request For Production No. 17 relating to Defendants' transfer of ownership and disposition of an estimated $5 million in the proceeds of asset sales relating to Waterman Pinnacle Inc. including:

   a. documents evidencing expenses paid from the proceeds of sale of the Waterman Pinnacle properties (as requested at Garcia Depo. 149/2 - 150/5)

   b. documents identifying the bank deposit of the proceeds of the sale of the Waterman Pinnacle properties (as requested at Garcia Depo. 150/16 - 151/8)

   c. documents relating to the sale of the second Waterman Pinnacle Inc. parcel (as requested at Garcia Depo. 152/2 - 152/8)

2. Documents requested in Request For Production No. 11 relating to EKG Family Holdings LLLP, including: documents evidencing any encumbrances, liens or mortgages that presently exist on the 4 LLC Membership Interests or mortgages that presently exist on the 4 LLC Membership Interests or on assets owned by EKG Family Holdings LLLP (as discussed at Garcia Depo. 137/20 - 141/13)

3. Documents subpoenaed from Waterman Pinnacle Inc. relating to Eddy Garcia's transfer of his solely owned shares in Waterman Pinnacle to himself and his wife as tenants by the entireties; and the subsequent sale of real estate owned by Waterman Pinnacle, and the transfer of an estimated $5 million in cash proceeds to EKG Family Holdings LLLP. The subpoena at issue seeks production of eight categories of

documents, only five of which are at issue, as specified below in items d through h:

   a. articles of incorporation.

   b.  shareholder agreements

   c. documents identifying the shareholders of Waterman Pinnacle

   d.  Waterman Pinnacle's annual federal income tax returns, including all schedules or attachments, and all work papers and backup documentation for the returns

   e.  all financial statements and accounting records

   f.  all bank records

   g.  all documents identifying or relating to any assets owned by Waterman Pinnacle

   h.  all documents relating to or arising in connection with Waterman Pinnacle's sale of property in Lee County, Florida, in 2010, including all contracts, closing statements, conveyance instruments, and documents evidencing the receipt, disbursement or other disposition of proceeds

   Although Defendant Garcia and Waterman Pinnacle have made strong arguments that the timing of events, and the claimed net worth of Defendant Garcia during the relevant times, belies the allegations of fraudulent transfer, the fraudulent transfer Count of the Complaint has not been dismissed, and Regions Bank is entitled to discovery relevant to prove that the transfers were fraudulent (*i.e.,* inquiry into the circumstances surrounding the transfers is relevant), and are entitled to information regarding the ultimate recipient of the allegedly fraudulent transfers since part of the relief sought is to void and set aside the transfers.  The undersigned recognizes that the discovery sought in this action would also be relevant as discovery in aid of execution; but, this does not

4

protect the documents from production in the context of this fraudulent transfer claim. In this regard, however, some of the information requested from Waterman Pinnacle is overbroad. In addition, Regions Bank has agreed that certain information that is already in its possession need not be produced. Finally, to protect the confidentiality of the financial information disclosed, upon a designation of confidentiality, the documents are to be used solely for the purpose of this litigation, are not to be publicly disclosed, and are to be returned or destroyed at the conclusion of this litigation, including all appeals. The parties must comply with Local Rule 5.4, however, if they seek to file any documents under seal.

As ruled at the hearing, the following documents must be produced on or before January 27, 2011; and, the continued deposition of Eddy Garcia shall occur within two weeks thereafter unless otherwise agreed by the parties. The parties have represented to the undersigned Magistrate Judge that permitting the above discovery to occur at those times, which is beyond the currently scheduled discovery deadline of January 13, 2012, will not affect any general deadlines established in the Scheduling Order; and nothing in this Order is intended to affect those deadlines.

Therefore, for the reasons stated on the record, and briefly summarized above, Defendant Eddy Garcia shall produce the documents identified in items 1 and 2 above. Non-party Waterman Pinnacle shall produce the following documents, except that it need not produce any documents relating to the loan it received from Regions Bank:

1. Waterman Pinnacle's annual federal income tax returns, including all schedules or attachments, and all work papers and backup documentation for the returns, limited to 2009 and 2010.

2. all financial statements and accounting records from 2009 to the present

   3.  all bank records, beginning in April 2010

   4.  all documents relating to or arising in connection with Waterman Pinnacle's sale of property in Lee County, Florida, in 2010, including all contracts, closing statements, conveyance instruments, and documents evidencing the receipt, disbursement or other disposition of proceeds

Therefore, based upon a review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel is GRANTED, as stated in the body of this Order.

**DONE AND ORDERED** in chambers in Miami, Florida, on January 13, 2012.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
The Honorable Patricia A. Seitz,
    United States District Judge
All counsel of record